```
           IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF KANSAS
```

**KIRBY KYLES,**

                    **Petitioner,**

          v.                    CASE NO. 11-3006-RDR

**C. CHESTER,**
**Warden,**

                    **Respondent.**

### O R D E R

Upon screening this habeas corpus application, the court entered a Memorandum and Order setting forth the deficiencies found therein and granting Mr. Kyles twenty (20) days in which to show cause why this action should not be dismissed for failure to state a claim under 28 U.S.C. § 2241. Mr. Kyles responded by filing Objection to Memorandum and Order (Doc. 3), Addendum to Objection (Doc. 4), Second Addendum to Objection (Doc. 5), and Supplemental Response (Doc. 6). Having considered these filings together with the case file, the court finds that Mr. Kyles has failed to show cause why this action should not be dismissed.

The court repeats the most crucial undisputed facts. On August 6, 2010, Mr. Kyles applied for the RDAP program.[1] He was interviewed and advised that because he had previously been granted early release on June 18, 1999, for completion of the RDAP, he was

---

[1] The crucial date in the court's analysis was not the date on which Mr. Kyles committed the crime for which he is currently confined. Instead, as the court previously held, it was the date on which his application for RDAP was considered and denied.

not eligible for early release a second time. Mr. Kyles has not disputed that he was previously granted early release from a prior sentence.

In its prior Memorandum and Order, this court summarized, thoroughly discussed, and rejected each of petitioner's claims and arguments. In his responses, Mr. Kyles mainly repeats and rehashes those claims and arguments, and voices his disagreement with the rulings of this court. He attempts to support his claims with additional citations and to refute some cases cited by this court.[2] However, the cases cited by Mr. Kyles and his arguments simply fail to provide any controlling or relevant, convincing legal authority that is contrary to the court's rulings.

In his Objection, Mr. Kyles states that his "primary contention" is an ex post facto violation, which is based upon two allegations: (1) that 28 C.F.R. § 550.55 and PS 5331.02 "were not promulgated and effective until March 16, 2009," and (2) his offense occurred in July 2007. Petitioner's repetition of his ex post facto argument does not convince the court that its earlier holdings were erroneous. The court previously held in discussing petitioner's ex post facto claim:

> Petitioner complains about the application to him
> of a provision of the Code of Federal Regulations

---

[2] The court does not find petitioner's citations and arguments to cases involving the Sentencing Guidelines at all convincing. Nor is the court persuaded by his quotations from Wottlin v. Fleming, 136 F.3d 1032, 1036-37 (5th Cir. 1998), given that claims analogous to his were rejected by the Fifth Circuit in that case on similar grounds as his have been rejected by this court. Likewise, the court rejects petitioner's arguments that Tenth Circuit cases cited by this court are "inconsequential," and that the rule of lenity somehow supports his claim for relief.

> that was amended in 2009, while he ignores that the BOP Program Statement containing the same exclusion went into effect in 2003. It follows that at the time Mr. Kyles committed his offense in 2007, the BOP policy excluding an inmate from receiving a second custody reduction had long been in effect and notice of this change had been published years earlier.
>
> Furthermore, 28 C.F.R. § 550.55(b)(7), the amended regulation which petitioner specifically argues was retroactively applied to him, was not. This regulation was adopted prior to the date on which Mr. Kyles was interviewed for entry into the RDAP. He was evaluated for the RDAP program and early release on August 6, 2010. Therefore, his early release eligibility was appropriately considered under the amended regulation that was finalized in early 2009. In addition, Kyles does not allege that he was ever told in connection with his current sentence that he was eligible for the early release program. Thus, petitioner has not shown that he legitimately had any settled expectation of eligibility or that he lost any vested right.
>
> Petitioner also fails to meet the second condition. Even if petitioner could show retrospective application, he has not demonstrated how the BOP's decision either increased the legal consequences of his crime or increased the punishment for such crime. The length of the sentence imposed by the court upon Mr. Kyles has not been increased. Rather, the challenged exclusion "merely deprived him of an opportunity to take advantage of a discretionary early release provision." (Citations omitted).

As the court noted, PS 5331.01 was in effect at the time of Mr. Kyles' offense and was an official statement of the BOP's position that second-timers would not be eligible for early release.[3] Even

---

[3] BOP program statements generally are construed as internal agency guidelines, "akin to an 'interpretive rule' that 'do[ ] not require notice and comment'." Reno v. Koray, 515 U.S. 50, 61 (1995)(quoting Shalala v. Guernsey Mem. Hosp., 514 U.S. 87, 99 (1995)); see, e.g., Kotz v. Lappin, 515 F.Supp.2d 143, 150-51 (D.D.C. 2007)(rejecting argument that APA "notice and comment" rules apply to Program Statement 5331.01, which provides that inmates may only once earn early release for successful completion of the RDAP); Minotti v. Whitehead,

3

if this publication of the BOP policy were held to not constitute sufficient notice to Mr. Kyles for due process purposes, the regulation containing the policy was published prior to the time petitioner's application for RDAP was considered and denied. See Murray v. Gagnon, 2010 WL 3883437 (W.D. Pa. Sept. 28, 2010)(unpublished).[4]

Petitioner now contends in one response that he is entitled to relief because the BOP violated the Administrative Procedure Act, 5 U.S.C. § 552 (APA), in connection with amending 28 C.F.R. § 28 C.F.R. § 550.55(b)(7). However, Mr. Kyles presents no facts establishing that the regulation applied by the BOP to find him ineligible for early release was promulgated in violation of the APA.[5] See Abernathy v. Terrell, 455 F.Supp.2d 1226, 1228 (D. Kan. 2006). Morever, it has been reasonably held that this regulation was properly promulgated in 2009, and its promulgation occurred

---

584 F.Supp.2d 750, 763 (D.Md. 2008)((rejecting argument that APA "notice and comment" rules apply to Program Statement 5162.04); Huerta v. Berkebile, 2009 WL 230163 (N.D.Tex. Jan. 30, 2009)(same); Holloway v. Marberry, 2007 WL 2178314 (E.D.Mich. July 30, 2007)(same); Johnson v. Holinka, 2007 WL 1446476 (D.Minn. May 14, 2007)(same, with respect to Program Statements 5162.04 and 5330.10); Moyeda v. Pearson, 2009 WL 1044316 (S.D. Miss. Apr. 17, 2009)(rejecting claim that APA "notice and comment" rules apply to BOP program statements implementing exclusion of inmates with convictions involving firearms from early release eligibility under RDAP); Mora-Meraz v. Thomas, 2009 WL 839479 (D.Ore. March 30, 2009)(rejecting argument that APA "notice and comment" rules apply to Program Statement 5330.10), aff'd, 601 F.3d 933 (9th Cir. 2010). These unpublished cases are not cited as binding precedent.

[4] This opinion from another district court in a different Circuit is obviously not binding upon this court. This court agrees with its reasoning, and cites it for that purpose only. A copy of this opinion is attached hereto.

[5] Petitioner does not allege facts indicating a violation of the APA's procedural requirements for all non-exempt rules, which include public notice, opportunity for public comment, and publication in the Federal Register. 5 U.S.C. § 553(b)(c).

4

prior to its application in Mr. Kyles' case in 2010.[6]  Even if petitioner could prove that the version of § 550.55 in effect in 2007 was not promulgated in accord with the APA, he would not be entitled to any relief since that version was not the basis for the decision in his case.  Finally, the court notes that the Tenth Circuit has even held that the APA does not apply to 18 U.S.C. § 3621.  Redmon v. Wiley, 349 Fed.Appx. 251, 256 (10th Cir. 2009)(unpublished and cited as persuasive only)(citing 18 U.S.C. § 3625)(The provisions of sections . . . 701 through 706 of title 5, United States Code do not apply to the making of any determination decision, or order under this subchapter.").

Petitioner repeats his arguments that the BOP exceeded its statutory authority in creating a rule categorically denying an inmate consideration for a second early release because of previous participation and successful completion of the program in connection with an unrelated case.  However, petitioner still presents no factual or valid legal basis for finding that this exclusion is in conflict with the plain language of the statute. See Licon v. Ledezma, 638 F.3d 1303, 1307-08 (10th Cir. 2011).  He also still fails to allege facts to support his claim that he has a liberty interest in a second early release.  Petitioner has not

---

[6] Petitioner relies upon a magistrate's Report and Recommendation that preceded the decision in Burkey v. Lappin, 2007 WL 4480188 (W.D. Pa. Dec. 14, 2007).  In Murray, the court explained that the petitioner's reliance on the Report and Recommendation in Burkey was "misplaced" for the reasons that this R & R was "never adopted as a final order by the District Court", the matter was dismissed as moot due to the petitioner's release, and as a result Burkey has "no precedential" value.  In Murray, the court also explained that the APA violation found in Burkey was resolved by the promulgation of 28 C.F.R. § 550.55(b)(7)(2009), which was after notice and comment.

5

refuted the court's earlier findings that the RDAP Coordinator acted entirely within his discretion in finding petitioner ineligible for this second benefit, whether it was pursuant to PS 5331.01 or PS 5331.02; and that the BOP action was plainly in accord with 28 C.F.R. § 550.55(b)(7). The court concludes that petitioner has not established that he is being held "in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2241(c)(3).

In its prior Memorandum and Order, the court set forth its reasons for rejecting Mr. Kyles' challenges to the action of the BOP on all grounds raised in his petition. With respect to those grounds that are merely rehashed in his responses, the court is not obliged to repeat the arguments and authorities previously set out.

At the end of his Objection, Kyles asks the court to reconsider its Memorandum and Order and to allow him to expand the record. Mr. Kyles has had plenty of opportunity to expand the record and has submitted additional materials since that time. Accordingly, the court considers this request, which was not made in the form of a separate motion, to be moot.

Within his Supplemental Response (Doc. 6), petitioner moves for leave to file this pleading. This motion is granted, and the Supplemental Response was considered.

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner's request to expand the record (Doc. 3) is denied as moot, and his motion for leave to file his Supplemental Response (Doc. 6) is granted.

**IT IS FURTHER ORDERED** that this action is dismissed and all relief is denied for failure to state a claim under 28 U.S.C. § 2241.

**IT IS SO ORDERED.**

DATED:  This 19th day of July, 2011, at Topeka, Kansas.


                                    s/RICHARD D. ROGERS
                                    United States District Judge